UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL HARVEY HEUP,

    Plaintiff,

v.

                                  Case No. 19-cv-1256-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

The plaintiff, who is representing himself, has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, not married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no income, id. at 2; although he states that he is "on Food Stamps," id. at 4, he does not list the amount of food stamps he receives. The plaintiff's monthly expenses total $405

1

($185 rent, $200 other household expenses, $20 phone). Id. at 2-3 The plaintiff does not own a car, a home, or any other property of value, and he has $50 in cash on hand or in a checking/savings account. Id. at 3-4. The plaintiff states, "I have had no income for several years now. It is about 7 years. I am on Food Stamps and have to borrow money to live. I have sold my car and exhausted retirement savings years ago." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed the form complaint for a Social Security appeal. Dkt. No. 1. The complaint states that the plaintiff is appealing an unfavorable decision by the Commissioner of the Social Security Administration, that the plaintiff was disabled during the time period included in the case, and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits to the plaintiff are not supported by substantial evidence and/or are contrary to law and regulation. Id. at 3. At this early stage in the case, based

on the information in the plaintiff's complaint and the fact that he is proceeding without a lawyer to represent him, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**