DANIEL HARVEY HEUP,

          Plaintiff,

v.                                                 Case No. 19-cv-1256-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATON,

          Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND FINAL JUDGMENT (DKT. NO. 35)**

        On October 21, 2021, the court held a hearing on the plaintiff's petition seeking reversal or remand of the Administrative Law Judge's (ALJ) decision denying the plaintiff's claim for disability benefits under the Social Security Act. Dkt. No. 32. At the hearing, the court issued an oral ruling in which it affirmed the ALJ's decision. Dkt. Nos. 32, 33. On November 30, 2021, the plaintiff filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the final judgment. Dkt. No. 35. The plaintiff asserts that the court committed a manifest error of law by determining that the ALJ had met her burden in step 5 of the 20 C.F.R. §404.1520(a)(4) analysis because the ALJ violated Social Security Ruling 00-4p and improperly relied on the vocational expert's flawed, conflicting testimony. Id. at 1–2. The court will deny the motion.

1

**I.     Standard of Review**

Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).[1] "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted). "A Rule 59(e) motion can be granted only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Barrington Music Prods., Inc. v. Music & Arts Ctr., 924 F.3d 966, 968 (7th Cir. 2019) (quoting Cincinnati Life Ins. Co. v. Breyer, 722 F.3d 939, 954 (7th Cir. 2013)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Rather, "[i]t is the "wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Id. (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Furthermore, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." Id. (citing Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996)). And "Rule 59 is not a vehicle for rearguing previously rejected motions . . . ." Id.

---

[1] Although the court issued its oral ruling on October 21, 2021, the court did not enter judgment until November 30, 2021. Dkt. No. 34. The plaintiff's November 30, 2021 motion to alter or amend the judgment was timely filed under Rule 59(e).

**II. Discussion**

The plaintiff argues that the court overlooked a legal argument he previously had raised in his brief (Dkt. No. 14) and thus committed a clear error of law. Dkt. No. 35 at 1–2. The plaintiff asserts that the court incorrectly affirmed the ALJ's decision even though the ALJ had violated Social Security Ruling 00-4p by failing to require the vocational expert (VE) to provide a reasonable explanation for the apparent conflict between the plaintiff's Residual Functional Capacity (RFC) and the job of document preparer. Id. at 2–3. The plaintiff also contends that although his counsel did not identify any apparent conflicts at the time of the hearing before the ALJ, "the discrepancies between the DOT definitions and the VE's testimony were so obvious that the ALJ's duty to investigate was triggered." Id. at 3.

"Social Security Ruling ('SSR') 00-4p imposes an affirmative obligation on ALJs to ask vocational experts whether their testimony is consistent with the information in the" Dictionary of Occupational Titles (DOT). Surprise v. Saul, 968 F.3d 658, 662 (7th Cir. 2020) (citing SSR 00-4P, 2000 WL 1898704, at *4). "In addition, SSR 00-4p requires the ALJ to investigate and resolve apparent conflicts between vocational experts and the DOT." Id. In other words, the ruling "does not require ALJs to wholly disregard a VE's testimony because part of it disagrees with the DOT, but Ruling 00–4p does require ALJs to resolve discrepancies between the two before relying on the conflicting testimony." Weatherbee v. Astrue, 649 F.3d 565, 569 (7th Cir. 2011) (citations omitted). See also Overman v. Astrue, 546 F.3d 456, 462–63 (7th Cir. 2008)

3

("Under SSR 00–4p, an ALJ has an 'affirmative responsibility' to ask whether a vocational expert's evidence 'conflicts with information provided in the DOT' before relying on that evidence to support a determination of nondisability.").

"A claimant may raise a violation of the Ruling on appeal without having raised it before the ALJ because the Ruling imposes an affirmative duty on the ALJ, but the claimant must show that the apparent conflict is obvious." Mitchell v. Kijakazi, No. 20-2897, 2021 WL 3086194, at *2 (7th Cir. July 22, 2021) (citing Overman, 546 F.3d at 463). Put another way, the plaintiff "must demonstrate 'that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance.'" Surprise, 968 F.3d at 662 (quoting Overman, 546 F.3d at 463). However, "if there is not an actual conflict between the vocational expert's testimony and the Dictionary of Occupational Titles, a claimant cannot possibly be harmed by an ALJ's failure to inquire." Sawyer v. Colvin, 512 F. App'x 603, 610 (7th Cir. 2013) (citations omitted).

The plaintiff asserts the ALJ improperly relied on the VE's "flawed testimony" to find that the plaintiff "can perform the document preparer job despite his social impairment limitations." Dkt. No. 35 at 2. In his original brief, the plaintiff argued that his RFC limitations to simple instructions and "to jobs considered simple, routine, repetitive, noncomplex" included in the ALJ's hypothetical to the VE were inconsistent with the document preparer job, which requires a reasoning level of three. Dkt. No. 14 at 18–19; Dkt. No. 12-3 at 61, Tr. Page 60 (transcript of hearing before ALJ). According to the DOT, reasoning level three requires an individual to "[a]pply commonsense

4

understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT 249.587-018 Document Preparer, 1991 WL 672349. See also DOT App. C, 1991 WL 688702 (same). In his Rule 59(e) motion, the plaintiff relies on a quote from the Vocational Expert Handbook in support of his assertion that an apparent conflict existed such that the ALJ should have obtained a reasonable explanation before relying on the VE's testimony:

> An occupation with reasoning level 3 requires individuals to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations. It could be argued that occupations requiring reasoning level 3 are too complex for an individual limited to "simple" or "repetitive" tasks. Therefore, an apparent conflict exists . . . .

Dkt. No. 35 at 2–3. Although the plaintiff did not include a full citation, this language is part of an explanatory footnote to the following passage in the Handbook alerting VEs to apparent conflicts:

> An ALJ's hypothetical may limit the claimant to "simple" or "repetitive" tasks, and you identify jobs with a GED reasoning level of 3 or higher. There is an apparent conflict between a job that requires reasoning level 3, and a hypothetical individual that can perform only "simple" or "repetitive" tasks. Be prepared to explain how the hypothetical individual could perform this job.

Vocational Expert Handbook, SSA (June 2020), at 39 (available at https://www.ssa.gov/appeals/public_experts/Vocational_Experts_(VE)_Handbook-508.pdf). Based on this language, the plaintiff argues that there was an apparent conflict between the job of document preparer (which has a reasoning

5

level of three) and the plaintiff's RFC, but that the ALJ failed to obtain from the VE a "reasonable explanation" for the conflict. Dkt. No. 35 at 3.

In its oral ruling affirming the ALJ's decision, the court noted that the ALJ had found the VE's testimony to be consistent with the DOT as required by SSR 00-4p. Dkt. No. 32 at 17:39–47; id. at 25:5–15. See Dkt. No. 12-3 at 25 ("Pursuant to SSR 00-4p, the undersigned [ALJ] has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles."). The court determined that it could not "see anything in this record to say that there was some sort of conflict that was so obvious that the ALJ had an obligation to pick up on it and to somehow resolve it or correct it without some assistance . . . ." Dkt. No. 32 at 1:29:24–38. Specifically, the court found there was no obvious conflict with the "vocational expert's testimony that someone with [the plaintiff's] mental functioning could perform the reasoning level of three that the document preparer position would require . . . ." Dkt. No. 32 at 1:30:10–22.

The plaintiff's RFC limited him to performing "routine, repetitive tasks," following "simple, and non-complex instructions" and handling "minimal changes in the work routine." Dkt. No. 12-3 at 19. At the hearing, the ALJ presented a hypothetical to the VE regarding an individual restricted to, in relevant part, "jobs considered simple, routine, repetitive, noncomplex" and jobs with "[n]o public contact, occasional interaction with coworkers and supervisors, minimal change in work routine." Dkt. No, 12-3 at 61, Tr. Page 60. The VE identified "document preparer" as one of the jobs consistent with those

6

restrictions. Id. at 61–62, Tr. Pages 60–61. The VE opined on the allowable time off task, breaks and absences for the document preparer job. Id. at 63, Tr. Page 62. The ALJ then specifically asked the VE whether there was any conflict with the DOT:

> Q. And if your opinion conflicts with or is not covered by the DOT, is it still your opinion that these jobs can be done consistent with these limitations provided to you?
>
> A. I believe I've answered consistent with the DOT. Let me say that the absenteeism and the time off task is based upon my professional experience and human resource studies.
>
> Q. All right, then.
>
> A. DOT is silent regarding those two issues, Judge.

Id. at 63, Tr. Page 31. See Dkt. No. 32 at 1:28:40–1:29:22 (court's October 21, 2021 oral ruling quoting this portion of the hearing transcript). See also id. at 60, Tr. Page 59 ("I will assume your testimony is consistent with the Dictionary of Occupational Titles unless you otherwise indicate."). The VE indicated that her opinions and testimony were consistent with the DOT. The VE also pointed out that the DOT does not include any information regarding absenteeism and time spent off task, and that that portion of her opinion was based on her professional experience. If there was an apparent conflict between the VE's evidence and the DOT on these points, the ALJ nevertheless "elicit[ed] a reasonable explanation for the conflict before relying on the VE . . . evidence . . . ." SSR 00-4P, 2000 WL 1898704, at *2. "One reasonable explanation for a potential discrepancy with the expert's testimony is that the information is not included in the *Dictionary*." Mitchell, 2021 WL 3086194, at *2 (citations

7

omitted). "An ALJ is free to accept testimony from a VE that conflicts with the DOT when, for example, the VE's experience and knowledge in a given situation exceeds that of the DOT's authors . . . ." Overman, 546 F.3d at 464 (citing Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002)).

Regarding the passage from the Vocational Expert Handbook that the plaintiff quoted in his Rule 59(e) motion, the court first notes that the plaintiff did not raise this argument in his initial brief; "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." Oto, 224 F.3d at 606 (citation omitted). Regardless, this argument does not support a finding that there was an obvious, apparent conflict that the ALJ should have identified and resolved without any assistance. The Handbook is a tool for vocational examiners; the plaintiff has presented no evidence that *ALJs* are familiar with the Handbook or the apparent conflicts it identifies. As courts in this district have noted in rejecting this argument in other cases, the Handbook is not a binding legal authority that the ALJ or the court must follow. Tommie S. v. Kijakazi, No. 19 C 8249, 2021 WL 5232728, at *5 (N.D. Ill. Nov. 10, 2021) ("[W]hile it is true that the referenced handbook suggests a conflict exists with respect to level 3 reasoning and simple tasks, such internal guidance does not have the force of law."); Blanchard v. Saul, No. 19-cv-911-WMC, 2020 WL 4333574, at *3 n.2 (W.D. Wis. July 28, 2020) ("While the *Handbook* is published by the Social Security Administration, it is non-binding authority.") (citing Schweiker v. Hansen, 450 U.S. 785, 789 (1981)).

Further, Seventh Circuit case law contradicts the Handbook and the plaintiff's position that an actual conflict exists between a limitation to simple tasks and jobs involving level three reasoning: "[E]ven workers who are markedly limited in their ability to understand, remember, and follow detailed instructions might still be able to perform jobs requiring level 3 reasoning development." Sawyer v. Colvin, 512 F. App'x 603, 611 (7th Cir. 2013) (citing Hillier v. Soc. Sec. Admin., 486 F.3d 359, 366–67 (8th Cir. 2007); Roberson v. Astrue, 481 F.3d 1020, 1024 (8th Cir. 2007)). See Blanchard, 2020 WL 4333574, at *4 (noting that "*Sawyer* found no actual conflict between a limitation to simple tasks and jobs involving level 3 reasoning"). In a case with facts and arguments similar to the plaintiff's, the Seventh Circuit found unpersuasive the assertion that jobs requiring a reasoning level of three conflict with the ALJ's conclusion that a claimant retains the capacity to perform only simple work. Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009). The Terry court explained why it found there was no conflict or, if there was a conflict, it was not obvious:

> A GED reasoning score of three means that the claimant must be able to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DEP'T OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES, App'x C(III). Tellingly, Terry does not argue that she cannot perform these skills, perhaps because the record suggests she can: she finished high school, completed training to become a certified nurse's assistant, and has the cognitive capacity to follow simple instructions. *See Renfrow* [*v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007)] (job requiring level three reasoning was not inconsistent with claimant's ability to follow only simple, concrete instructions).

9

> Moreover, to the extent that there was a conflict, SSR 00–4p requires the ALJ to obtain an explanation only when the conflict between the DOT and the VE's testimony is "apparent." *Overman*, 546 F.3d at 463. Because Terry did not identify any conflict at the hearing, she would have to show that the conflict was "obvious enough that the ALJ should have picked up on [it] without any assistance." *Id.* Terry's educational background and cognitive abilities appear to match the requirements of GED reasoning level three, and so any conflict is not so obvious that the ALJ should have pursued the question.

Id. at 478.

Here, the ALJ noted the plaintiff's ability to "engage in work activities, study in college, and care for himself and his own daily activities." Dkt. No. 12-3 at 20. Regarding the plaintiff's cognitive issues resulting from a traumatic brain injury, the ALJ acknowledged the plaintiff's "good response to treatment" and the fact that "since the claimant's brain injury and beginning of his mild cognitive deficits, he was able to successfully attend college and complete a two-year degree." Id. at 20–21. The ALJ accorded significant weight to the opinions of Dr. Pushkash, who concluded the plaintiff "had the capability to comprehend, recall, and follow through on instructions," and Dr. Dolezal, who found the plaintiff "had the ability to understand, remember, and carry out simple instructions." Id. at 22–23. Dr. Pushkash also found that the plaintiff was not distractible and did not have any cognitive impairments, but did note the plaintiff had difficulty with concentration. Id. at 22. Like the claimant in Terry, the plaintiff's "educational background and cognitive abilities appear to match the requirements of GED reasoning level three, and so any conflict is not so obvious that the ALJ should have pursued the question." Terry, 580 F.3d at 478.

10

Because the court finds no obvious conflict between the VE's testimony that someone with the plaintiff's mental functioning could perform the reasoning level of three in the document preparer position, the court will deny the plaintiff's motion to alter or amend the judgment.

### III. Conclusion

The plaintiff has not shown the court committed a manifest error of law in its order affirming the ALJ's decision. The plaintiff has provided no basis for the court to reconsider its previous order or to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 35.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**